## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

Case No. 13-CV-00179 (VEB)

LORI S. HOLMES,

               Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

               Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In March of 2004, Plaintiff Lori S. Holmes applied for Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits ("DIB") under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, represented by Dana C. Madsen, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 5).

On June 3, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 22).

## II. BACKGROUND

The procedural history may be summarized as follows:

On March 31, 2004, Plaintiff applied for SSI benefits and DIB. (T at 58, 139-41, 593-96).[1]  The applications were denied initially and on reconsideration and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On June 27, 2007, a hearing was held before ALJ Richard S. Say. (T at 49).

On July 16, 2007, ALJ Say issued a written decision denying the applications and finding that Plaintiff was not entitled to benefits under the Social Security Act. (T at 55-72). The Social Security Appeals Council denied Plaintiff's request for review on July 31, 2009.  (T at 7-10).  Plaintiff sought judicial review in August of

---

[1] Citations to ("T") refer to the administrative record at Docket No. 17.

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

2009 by filing a Complaint in the United States District Court for the Eastern District of Washington. (*Holmes v. Astrue*, 09-CV-257).

On June 17, 2009, while her District Court appeal was pending, Plaintiff filed new applications for benefits. Those applications were denied on October 28, 2010, following a hearing. (T at 677-99). Plaintiff filed a third set of benefit applications on December 22, 2010. (T at 668-71).

On January 14, 2011, the Honorable Cynthia Imbrogno, United States Magistrate Judge, issued an Order granting Plaintiff summary judgment and remanding the matter for further proceedings pursuant to 42 U.S.C. § 405 (g). (Docket No. 31, in case number 09-CV-257)(T at 713-29). On October 14, 2011, the Appeals Council issued an Order vacating the original hearing decision, consolidating all three sets of applications, and remanding the consolidated application to the ALJ for further proceedings. (T at 668-71).

A further administrative hearing was held on April 17, 2012, before ALJ R.J. Payne. (T at 1124-71). On April 30, 2012, ALJ Payne issued a decision denying the applications for benefits. (T at 638-54). ALJ Payne's decision became the Commissioner's final decision on March 19, 2013, when the Appeals Council denied Plaintiff's request for review. (T at 629-31).

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

On May 13, 2013, Plaintiff, acting by and through her counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 6). The Commissioner interposed an Answer on January 3, 2014. (Docket No. 16).

Plaintiff filed a motion for summary judgment on May 5, 2014. (Docket No. 21). The Commissioner moved for summary judgment on September 19, 2014. (Docket No. 34). Plaintiff filed a reply brief on October 17, 2014. (Docket No. 38).

For the reasons set forth below, the Commissioner's motion is granted, Plaintiff's motion is denied, and this case is closed.

## III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot,

considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth

step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2)  a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

ALJ Payne found that Plaintiff had not engaged in substantial gainful activity since December 1, 2002, the amended alleged onset date, and met the insured status requirements of the Social Security Act through March 31, 2006. (T at 644). The ALJ determined that Plaintiff's bilateral carpal tunnel syndrome status-post release surgery, right knee osteoarthritis status-post arthroscopy, and lumbar spine arthritis were "severe" impairments under the Act. (Tr. 644-47).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 647).  The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR §§ 404.1567 (b) and 416.967 (b).  The ALJ concluded that Plaintiff could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs, but never climb ladders, ropes or scaffolds.  The ALJ noted that Plaintiff should avoid concentrated exposure to heights, hazards, and machinery.  The ALJ found that Plaintiff could understand and remember instructions and procedures, may have occasional lapses of concentration due to social anxiety, and could tolerate task-related social interaction and make task-related adaptations.  (T at 647-53).

The ALJ found that Plaintiff could perform her past relevant work as an inventory specialist. (T at 653).  As such, the ALJ concluded that Plaintiff was not disabled, as defined under the Social Security Act, between December 1, 2002 (the alleged onset date) and April 30, 2012 (the date of the decision) and was therefore not entitled to benefits. (Tr. 653-54).  As noted above, ALJ Payne's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 629-31).

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

**D.    Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed.  She offers three (3) main arguments.  First, Plaintiff contends that ALJ Payne violated the law of the case doctrine and/or rule of remand.  Second, Plaintiff contends that the ALJ's step two analysis and consideration of her mental health impairment were flawed.  Third, Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence. This Court will examine each argument in turn.


# IV. ANALYSIS

**A.    Law of the Case/Rule of Remand**

In his July 2007 decision, the first ALJ (ALJ Say) concluded that Plaintiff had several severe impairments, including depression. (T at 61).  However, he ultimately concluded that Plaintiff was not disabled and his decision was appealed to federal court.   (T at 70-71).[2]  In her January 2011 Order, Judge Imbrogno made the following findings: (1) ALJ Say's decision to discount Plaintiff's credibility was supported by clear and convincing reasons, (2) the ALJ erred in relying too heavily

---

[2] In October of 2010, ALJ Donna Shipps also concluded that Plaintiff's depression was a severe impairment. (T at 682).  However, that decision was made in connection with Plaintiff's second set of benefits applications, which was consolidated by the Appeals Council for purposes of review. (T at 670-71).

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

on the opinion of Dr. James Bailey, a non-examining review consultant, when evaluating Plaintiff's mental health impairment, (3) the ALJ erred by failing to discuss marked mental functioning limitations assessed by Dr. Frank Rosekrans, an examining psychologist, and (4) as a result of these errors, the ALJ's hypothetical question to the vocational expert was flawed.  (T at 713-29).  However, Judge Imbrogno concluded that it was not clear from the record whether Plaintiff was "disabled due to the diagnosed mood disorder in combination with other established functional limitations." (T at 728).  She accordingly ordered a remand for additional proceedings and directed the ALJ to consider new evidence submitted by Plaintiff to the Appeals Council, obtain expert testimony, and explain the weight given to the evidence. (T at 728-29).

On remand, ALJ Payne obtained testimony from a medical expert, considered the record (as more fully developed since the prior hearing), and concluded that Plaintiff's medically determinable impairment of mood disorder did not cause more than a minimal limitation in her ability to perform basic mental work activities and was, therefore, non-severe. (T at 644).  The ALJ found no limitation with regard to Plaintiff's activities of daily living, mild limitation as to social functioning, mild limitation as to concentration, persistence, or pace, and no episodes of decompensation. (T at 647).

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

Plaintiff challenges this conclusion, arguing that Judge Imbrogno's Order precluded a "re-litigation" of the step two analysis.  In sum, Plaintiff contends that ALJ Payne should not have reconsidered the step two analysis and was bound to accept the conclusion of ALJ Say that Plaintiff's depression/mood disorder was a severe impairment.

The law of the case doctrine provides that an appellate court's decision on a legal issue must be followed in all subsequent proceedings in the same case. *See United States v. Lewis*, 611 F.3d 1172, 1179-80 (9th Cir. 2010).  The rule of mandate doctrine is a corollary of the law of the case doctrine.  Under the rule of mandate, a lower court receiving a mandate "cannot vary it or examine it for any other purpose than execution." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir.1996)(citations omitted).

Courts in this Circuit have applied the law of the case doctrine and rule of mandate to reverse in cases where an ALJ's decision exceeded the scope of (or otherwise contravened) a district court's remand order. *See, e.g.*, *Ruiz v. Apfel*, 24 F. Supp. 2d 1045, 1050 (C.D. Cal. 1998) (holding that an "order vacating the prior decision and remanding the case 'for further proceedings consistent with the order of the court' [did not] suggest that review beyond the scope of the court's order was

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

1    permitted or contemplated"); *Holst v. Bowen*, 637 F. Supp. 145, 147-48 (E.D.Wa.

2    1986); *Ischay v. Barnhart*, 383 F. Supp. 2d 1199, 1215-19 (C.D. Cal. 2005).

3        Plaintiff relies principally on *Holst v. Bowen*.  In that case, the court had

4    previously remanded the matter for further proceedings, with instructions to

5    reconsider certain points of law and consider additional evidence offered by the

6    claimant. *Holst,* 637 F. Supp. at 145-46.  On remand, the ALJ conducted the full

7    sequential analysis, took "prodigious" new evidence, and held that the claimant was

8    not disabled. *Id.* at 146.  In a strongly worded opinion, the court reversed, holding

9    that the fact of the claimant's disability had become "the law of the case and [was]

10   not subject to tampering in further administrative proceedings." *Id.* at 147.

11       However, this Court finds *Holst* distinguishable.  In that case, the court found

12   the claimant disabled and remanded for consideration of a legal issue related to the

13   timing of benefits. *Id.* at 146.  Here, by contrast, Judge Imbrogno expressly declined

14   to make a disability determination, noting at that time it was not clear from the

15   record whether Plaintiff was disabled. (T at 728).  In fact, Judge Imbrogno instructed

16   the ALJ to consult a medical expert to explain the evidence concerning Plaintiff's

17   mental health impairments. (T at 728).  On remand, ALJ Payne followed this

18   instruction and obtained testimony from Dr. Thomas McKnight, Jr., a medical

19   expert.  Dr. McKnight reviewed the record and opined that Plaintiff's mental health

20

impairments were non-severe. (T at 1142).  In particular, after a detailed discussion of the medical evidence, Dr. McKnight found that Plaintiff had no limitation with regard to activities of daily living, mild difficulties in social functioning, and mild limitation with regard to maintaining concentration, persistence, or pace. (T at 1141).  The ALJ relied on this assessment and concluded that Plaintiff's mental health impairment was non-severe. (T at 644).

In the cases where the courts have found a violation of the law of the case/rule of mandate doctrine, the ALJs violated the remand by taking evidence on matters beyond the limited issue or issues identified by the court in its Remand Order.  By contrast, where the court more broadly remanded for reconsideration of the medical record as a whole, the law of the case/rule of mandate doctrine is not violated. *See, e.g. Angulo v. Astrue*, No. ED CV 12-01426, 2013 U.S. Dist. LEXIS 89490, at *8-10 (C.D. Cal. June 25, 2013); *Whaley v. Colvin*, No. CV 12-04888, 2013 U.S. Dist. LEXIS 61782, at *40-41 (C.D. Cal. Apr. 30, 2013).

In this particular case, ALJ Payne followed Judge Imbrogno's instructions, consulted a medical expert, and considered that opinion, along with the other evidence of record, when rendering a decision.  The ALJ's step two finding was, doubtless, a surprise to Plaintiff, who likely presumed that ALJ Payne would come to the same conclusion his fellow ALJs had reached in their prior decisions (*i.e.* that

Plaintiff's mood disorder was severe).  However, ALJ Payne's further development of the record was not contrary to Judge Imbrogno's Remand Order (indeed, it was pursuant to it) and his reconsideration of the entire sequential evaluation in light of the more fully developed record did not exceed the scope of (or contravene) the Remand Order.  This Court finds no violation of the law of the case doctrine or rule of mandate.

**B.    Step Two Analysis**

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c).  The fact that a claimant has been diagnosed with and treated for a medically determinable impairment does not necessarily mean the impairment is "severe," as defined by the Social Security Regulations. *See, e.g.*, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). To establish severity, the evidence must show the diagnosed impairment significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months. 20 C.F.R. § 416.920(c).

The step two analysis is a screening device designed to dispose of *de minimis* complaints. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[A]n impairment is found not severe . . . when medical evidence establishes only a slight abnormality

or a combination of slight abnormalities which would have no more than a minimal

effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir.

1988) (quoting SSR 85-28).

The claimant bears the burden of proof at this stage and the "severity

requirement cannot be satisfied when medical evidence shows that the person has

the ability to perform basic work activities, as required in most jobs." SSR 85-28.

Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling,

reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying

out and remembering simple instructions; responding appropriately to supervision,

coworkers, and usual work situation." *Id.*

When evaluating the severity of mental impairments, the regulations require

the ALJ to apply a "special technique" at the second and third steps of the review, in

addition to the customary sequential analysis.    20 C.F.R. § 404.1520a.    The

technique first requires a determination of whether the claimant has a medically

determinable mental impairment. 20 C.F.R. § 404.1520a(b)(1). Then, the ALJ must

rate the degree of the claimant's functional limitation resulting from the impairment

in four areas: (1) activities of daily living; (2) social functioning; (3) concentration,

persistence, or pace; and (4) episodes of decompensation. See 20 C.F.R §

404.1520a(c)(3). These areas are rated on a scale of "none, mild, moderate, marked,

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

and extreme." 20 C.F.R. §§ 404.1520a(c)(4); 416.920a(c)(4).  A mental impairment is generally found not severe if the degree of limitation in the first three areas is mild or better and there are no episodes of decompensation. 20 C.F.R. § 404.1520a(d)(1). The ALJ must "document a specific finding as to the degree of limitation in each of the functional areas." 20 C.F.R. § 404.1520a(e)(2).

Here, as discussed above, ALJ Payne concluded that Plaintiff's medically determinable impairment of mood disorder did not cause more than a minimal limitation in her ability to perform basic mental work activities and was, therefore, non-severe. (T at 644).  The ALJ found no limitation with regard to Plaintiff's activities of daily living, mild limitation as to social functioning, mild limitation as to concentration, persistence, or pace, and no episodes of decompensation. (T at 647).

For the following reasons, this Court finds the ALJ's decision supported by substantial evidence and consistent with applicable law.  With respect to activities of daily living, the ALJ's conclusion that Plaintiff had no limitation was consistent with Plaintiff's self-reported activities, which included driving, attending to personal care needs, preparing meals, grocery shopping, and handling funds. (T at 645).  In addition, in March of 2011, Dr. Jay Toews, a consultative examiner, noted that Plaintiff reported being "fully independent for basic self-care," with a "full

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

complement of independent living skills." (T at 1021).   Dr. Toews found "no

indication of any significant work limitations due to mood or affective problems." (T

at 1023-24).   Dr. McKnight, the medical expert, reviewed the record and testified at

the administrative hearing.   He could not find "any justification to say that [Plaintiff]

has somehow a mental illness that's contributing to her unemployment." (T at 1140).

Dr. McKnight opined that Plaintiff had no limitations with regard to activities of

daily living. (T at 1141).

Concerning Plaintiff's social functioning, the ALJ's conclusion was supported

by the evidence of record.   Dr. McKnight found mild limitation as to social

functioning, noting that there was no evidence that Plaintiff was "rude, obtuse, [or]

problematic in any kind of evaluation . . . ." (T at 1141).   Dr. Toews described

Plaintiff as "pleasant and cooperative." (T at 1022).   Plaintiff was noted to have a

good relationship with her siblings and mother. (T at 1021).   She had a number of

friends "who are very supportive and whose company she enjoys." (T at 1022).   She

has no difficulty interacting with store clerks when shopping. (T at 1022).

The ALJ reasonably credited this evidence and discounted other opinion

evidence.   Shari Lyszkiewicz, a mental health counselor, performed several

evaluations (in January and June 2006, August 2007, and August 2008), in which

she assessed marked limitations as to social functioning. (T at 534-50, 645, 892-901,

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

902-11).  These evaluations were endorsed by either Dr. Scott Mabee or Dr. Frank Rosekrans, who acted as supervising psychologists. (T at 645).  However, Ms. Lyszkiewicz's opinion was contradicted by the evidence above, including Dr. Toews's report and Dr. McKnight's assessment.  Moreover, an August 2007 report from Ms. Lyszkiewicz indicated that Plaintiff had lived in a trailer with 2 roommates for "the past couple of years" and spent time helping her son and visiting her infant granddaughter. (T at 897).  Plaintiff reported no significant problems with regard to antisocial behavior or extreme moodiness. (T at 900).  The ALJ reasonably discounted Ms. Lyszkiewicz's opinion as inconsistent with the evidence.

It is not clear to what extent Dr. Mabee or Dr. Rosekrans were actually involved in Plaintiff's care. However, even assuming *arguendo* that they were sufficiently involved to make Ms. Lyszkiewicz's assessment a "treating physician" opinion by virtue of their endorsement, the ALJ provided legally sufficient reasons for discounting the opinion, which was inconsistent with the treatment notes and other evidence of record (as discussed above). *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

Dr. Kayleen Islam-Zwart performed a consultative examination in June of 2009, wherein she assessed moderate social isolation and appearance concerns, along with marked anxiety. (T at 925). However, in her narrative summary, Dr. Islam-Zwart reported that Plaintiff was involved in a long-term romantic relationship, enjoyed visiting with friends, and spent her time "going into town to visit people." (T at 932). In a subsequent evaluation (conducted in May of 2010), Dr. Islam-Zwart noted that Plaintiff presented as "a little social anxious," but was able to interact in a socially appropriate manner. (T at 966). Dr. Islam-Zwart opined that Plaintiff did not need any psychological intervention. (T at 967). The ALJ was within his discretion to discount the June 2009 opinion as inconsistent with Dr. Islam-Zwart's own notes and later assessment and with the overall evidence of record.

Dr. Jerry Gardner and Dr. Patricia Kraft, non-examining State Agency review consultants, reviewed the record through December 2009 and opined that Plaintiff was moderately limited in social functioning. (T at 645, 944, 961). However, the ALJ reasonably gave more weight to Dr. McKnight's assessment that Plaintiff had only mild limitation, given that he had the opportunity to review the full record and testify during the hearing subject to cross-examination. *See Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995)(noting that "an ALJ may give greater weight to the

opinion of a non-examining expert who testifies at a hearing subject to cross-examination")(citing *Torres v. Secretary of H.H.S.*, 870 F.2d 742, 744 (1st Cir. 1989)); *see also Moody v. Astrue*, No CV-10-161, 2011 U.S. Dist. LEXIS 125165, at *22-23 (E.D. Wash. Oct. 28, 2011).

Plaintiff contends the ALJ should have weighed the evidence differently and afforded greater weight to the evidence suggesting more significant impairment with regard to social functioning. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

With respect to Plaintiff's ability to maintain concentration, persistence, and pace, the ALJ's conclusion was supported by the opinions of Dr. McKnight, Dr. Gardner, and Dr. Kraft, all of whom assessed mild limitation. (T at 646, 944, 961, 1141). Dr. Islam-Zwart also assessed mild limitations with regard to Plaintiff's cognitive abilities and no limitation as to her ability to perform routine tasks or

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

understand, remember, and follow directions. (T at 967).  Dr. Toews described

Plaintiff's attention, concentration, motivation, and interest as "appropriate and

good." (T at 1022).  He noted that Plaintiff was functioning in the average range of

intelligence, with "intact" attention, concentration, and memory, and no signs or

symptoms of cognitive disorders. (T at 1023).  This evidence was sufficient to

support the ALJ's conclusion.

For the reasons outlined above, this Court finds no error with regard to the

ALJ's step two analysis.  Moreover, because the ALJ continued with the sequential

evaluation process, considered Plaintiff's mental health impairment, and

incorporated limitations arising from that impairment into his RFC determination

(i.e. finding that Plaintiff might have occasional lapses of concentration due to social

anxiety), any arguable error with regard to the classification of the mental health

impairment as "non-severe" was harmless.  *See Lewis v. Astrue*, 498 F.3d 909,  911

(9th Cir. 2007)(holding because the ALJ considered any limitations posed by an

impairment, even though it was not listed at step two, the step two error was

harmless).

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

**C.    RFC Determination**

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR §§ 404.1567 (b) and 416.967 (b), with some non-exertional limitations.  (T at 647-53).

Plaintiff challenges this conclusion, pointing primarily to two pieces of evidence.  First, Plaintiff cites two evaluations provided in July of 2009 and June of 2010 by Jenee Einherdt, a nurse practitioner, from Community Health Association of Spokane ("CHAS"), Plaintiff's primary treating providers. In the June 2009 report, Ms. Einherdt assessed marked limitations related to carpal tunnel syndrome and moderate limitations from hip/knee pain. (T at 996).  In the June 2010 report, Ms. Einherdt opined that Plaintiff had moderate limitations arising from carpal tunnel syndrome, mild limitations from low back/hip/knee pain, and was limited to sedentary work. (T at 985).

Second, Plaintiff points to Dr. Robert Clark's neurological evaluation in September of 2008.  Dr. Clark opined that Plaintiff had severe median neuropathy that was helped by surgery, but not with complete recovery. (T at 915).  He also noted Plaintiff's underlying degenerative changes in her hand and history of lupus, which he believed could be causing persistent symptoms of tenosynovitis (inflammation of the fluid surrounding a finger tendon). (T at 915).

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

1    This Court finds the ALJ's assessment of the evidence supported by

2 substantial evidence and consistent with applicable law.

3    In evaluating a claim, the ALJ must consider evidence from the claimant's

4 medical sources. 20 C.F.R. §§ 404.1512, 416.912. Medical sources are divided into

5 two categories: "acceptable" and "not acceptable." 20 C.F.R. § 404.1502.

6 Acceptable medical sources include licensed physicians and psychologists. 20

7 C.F.R. § 404.1502. Medical sources classified as "not acceptable" (also known as

8 "other sources") include nurse practitioners, therapists, licensed clinical social

9 workers, and chiropractors. SSR 06-03p. The opinion of an acceptable medical

10 source is given more weight than an "other source" opinion. 20 C.F.R. §§ 404.1527,

11 416.927. For example, evidence from "other" sources is not sufficient to establish a

12 medically determinable impairment. SSR 06-03p. However, other source opinions

13 must be evaluated on the basis of their qualifications, whether their opinions are

14 consistent with the record evidence, the evidence provided in support of their

15 opinions and whether the other source is "has a specialty or area of expertise related

16 to the individual's impairment." See SSR 06-03p, 20 CFR §§404.1513 (d), 416.913

17 (d). The ALJ must give "germane reasons" before discounting an "other source"

18 opinion. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

19

20

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

Here, Ms. Einhart, a nurse practitioner, was an "other source" and the ALJ provided germane reasons for discounting her opinions.  For example, her restrictive assessments were contradicted by her contemporaneous treatment notes, which indicated that Plaintiff had good range of motion, no tenderness of the spine, good range of motion in the hips without main, full range of motion in both knees, and full grip strength. (T at 989, 993).  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

In addition, Dr. Peter Weir, a consultative examiner, found that Plaintiff exhibited no objective findings of physical impairment and had no limitation with respect to her ability to function in the workplace. (T at 1019).  Dr. John Morse, a medical expert, testified at the administrative hearing.  After reviewing the record, Dr. Morse opined that Plaintiff could perform light work, including lifting 10 pounds frequently, 20 pounds occasionally, and sitting/standing/walking for 6 hours in an 8-hour workday, with non-extertional limitations consistent with the ALJ's RFC determination. (T at 1134-35).  The ALJ acted within his discretion in discounting Ms. Einhardt's "other source" opinion and affording comparatively more weight to the assessments of Dr. Morse and Dr. Weir. *See Tackett v. Apfel*, 180 F.3d 1094,

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

With regard to Dr. Clark's assessment, it must be noted that Dr. Clark did not identify any work-related limitations.  In fact, he noted no muscular atrophy in Plaintiff's hands, no strength loss in the lower extremities, and no sensory loss in the upper or lower extremities. (T at 914).  As such, even if Dr. Clark's opinion is fully credited, this would not be sufficient to undermine the ALJ's RFC determination.

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. There was no violation of the law of the case or rule of remand doctrines.  The ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB

Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **Docket No. 21**, is **DENIED.**

The Commissioner's motion for summary judgment, **Docket No. 34**, is **GRANTED**.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of the Commissioner, and CLOSE this case.

DATED this 18th day of December, 2014.


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – HOLMES v COLVIN 13-CV-00179-VEB